

## U.S. Equal Employment Opportunity Commission
### Cleveland Field Office

EEOC, AJC Fed Bldg
1240 E 9th St, Ste 3001
Cleveland, OH 44199
(216) 522-2001
TDD: 1-800-669-6820
Fax: (216) 522-7395
1-800-669-4000

Respondent: KENT STATE UNIVERSITY
EEOC Charge No.: 22A-2017-03632
FEPA Charge No.: 22A-2017-03623

September 26, 2017

Kathleen S. Wiler
621 Park Avenue
Kent, OH 44240

Dear Ms. Wiler:

This is to acknowledge receipt of the above-numbered charge of employment discrimination against the above-named respondent. Please use the "EEOC Charge No." listed above whenever you call us about this charge. The information provided indicates that the charge is subject to:

[X]   Title VII of the Civil Rights Act of 1964 (Title VII)
[ ]   The Age Discrimination in Employment Act (ADEA)
[ ]   The Americans with Disabilities Act (ADA)
[ ]   The Equal Pay Act (EPA)
[ ]   The Genetic Information Nondiscrimination Act (GINA)

You need do nothing further at this time. We will contact you when we need more information or assistance. A copy of the charge or notice of the charge will be sent to the respondent within 10 days of our receipt of the charge as required by our procedures.

Please be aware that we will send a copy of the charge to Ohio Civil Rights Commission Central Office 30 East Broad Street Columbus, OH 43215 as required by our procedures. If the charge is processed by that agency, it may require the charge to be signed before a notary public or an agency official. Then the agency will investigate and resolve the charge under their statute. If this occurs, section 1601.76 of EEOC's regulations entitles you to ask us to perform a Substantial Weight Review of the agency's final finding. To obtain this review, a written request must be made to this office within 15 days of receipt of the agency's final finding in the case. Otherwise, we will generally adopt the agency's finding as EEOC's.

The quickest and most convenient way to obtain the contact information and the status of your charge is to use EEOC's Online Charge Status System, which is available 24/7. You can access the system via this link (https://publicportal.eeoc.gov/portal) or by selecting the "My Charge Status" button on EEOC's Homepage (www.eeoc.gov). To sign in, enter your EEOC charge number, your zip code and the security response. An informational brochure is enclosed that provides more information about this system and its features.

While your charge is pending, please notify us of any change in your address, or where you can be reached if you have any prolonged absence from home. Your cooperation in this matter is essential.

Sincerely,

Joann J. Wells
Investigator Support Asst
(216) 522-2578

Office Hours: Monday – Friday, 8:30 a.m. - 4:45 p.m.
www.eeoc.gov

Enclosure(s):


EXHIBIT GGG

PL 112

| OHIO CIVIL RIGHTS COMMISSION<br>CHARGE OF DISCRIMINATION<br>EMPLOYMENT | Agency Use Only<br>FEPA<br>EEOC | CHARGE NUMBER: (Agency Use Only)<br>22A-2017-03632C |
|---|---|---|

Name of Charging Party (First Middle Last)

Kathleen Schanne Wiler

Address  621 Park Ave.

City Kent    State OH   Zip Code 44240

Telephone Number 330-807-6406

Name of Company  Kent State University

Address  800 E. Summit Street

County Portage   City Kent   State OH  Zip Code 44240

Telephone Number  330-672-2982

Date(s) of Discrimination  Currently on-going

Total Number of Employees 5,200    Date of Hire  Feb. 2006

I believe I was discriminated against because of my: (Please identify)

Race/Color
Sex -- Female
Disability
Military Status
Religion
National Origin/Ancestry
Retaliation

Age (Over 40 years old only - List Date of Birth)
FOR AGE CASES ONLY: I have not commenced any action under sections 4112.14 or 4112.02(N), Revised Code with respect to the subject matter of the affidavit. I understand that upon filing of this charge with the Ohio Civil Rights Commission, I am barred from instituting any such civil action and that any monetary award or financial benefit I may receive may be limited to back pay and/or restoration of employment fringe benefits and may not include other damages to which I may be entitled as a result of such civil action.

Type of Discrimination:

| Demotion | Discharge/Termination | Discipline |
| Failure to Hire | Forced to Resign | Harassment/Sexual Harassment |
| Layoff | Promotion | Reasonable Accommodation |

Other (Specify) Being paid less than men in substantially similar positions.

Please write a brief but detailed statement of the facts that you believe indicate an unlawful discriminatory practice. Please write legibly.

- 1. I have been employed as the head coach for women's field hockey since 2006. Of the 26 head coaches of various sports since then, only 5 have been women. I am paid less than every other head coach, except two, both of whom have far less experience and success than I have. I am sixth in seniority, 12th in base pay. When performance bonuses are factored in, my total earned income for 2016 (the most recent year figures are available) is at the rock bottom for all head coaches, despite the fact that I am the winningest – having won MAC coach of the year, MAC championship, MAC tournament championship and NCAA appearance that year. (The only other head coach who performed as well, Herb Page, in men's golf, had total compensation that was more than twice mine in 2016 -- $191,587 for him compared to $85,496 for me.) Over my 11-year head coaching career at KSU, I have been MAC coach of the year five times, MAC regular season champions eight times, and MAC tournament champions five times – ranking me in the top three of all head coaches during that period. [See Chart A attached, KSU coach salaries, accomplishments 2016.]

- 2. My situation is illustrative of a pervasive pattern of discrimination against women in the Athletics Department at KSU. Of the 42 people in the Athletics Department who earn $50,000 or more in base pay annually, only five are women (11 percent). Of the 87 people in the Athletics Department with base pay of less than $50,000 annually, 44 are women (50.5 percent). [See Chart B attached, KSU Athletics Department base pay. (Names highlighted in yellow are of women.)]

- 3. Knowing the disparity in pay, I sought to negotiate a fair raise, based on performance and accomplishments of my team and myself on the field. The director of athletics declined to discuss my contract or my compensation with me. I was told to "take it or leave it," resulting in yet another coaching contract that continues to pay me less than the male coaches of similarly significant sports. I believe that KSU does negotiate with the male coaches and adjusts compensation and/or incentive bonuses upwards when requested. KSU declined to do so with me, the sole female head coach on the staff at the time. [See my current coaching contract attached, marked "Ex. C."]

I declare under penalty of perjury that I have read the above charge and that it is true to the best of my knowledge, information and belief. I will advise the agency(ies) if I change my address or telephone number and that I will cooperate fully with them in the processing of my charge in accordance to their procedures.

X Kathleen Wiler    8/28/17
Charging Party Signature    Date

Notary or Ohio Civil Rights Commission Representative
KAREN LEFTON, Attorney-At-Law
Notary Public - State of Ohio
Subscribed and sworn to before me this ___ day of August, 2017
My Commission has no expiration date
Sec. 147.03 R.C.

Notary or Commission Representative

PL 113



# WHAT YOU SHOULD DO
# AFTER YOU HAVE FILED A CHARGE WITH EEOC

## ➢ KEEP YOUR DOCUMENTS – BOTH PAPER AND ELECTRONIC

Now that you have filed an EEOC charge, you must keep anything that might be evidence related to your charge. This includes *all* documents, communications, and electronic information that are potentially related to your EEOC charge, including the harm caused by the discrimination, and all records of your communications with the EEOC. Even if you are not sure whether the information is relevant to your discrimination claim, please do not throw it away or delete it.

> ## ➢ WHAT INFORMATION MUST YOU KEEP?
> - **Paper documents**, such as:
>   - Employee manuals, pay stubs, work schedules
>   - Letters, memos, your notes
>   - Pictures, drawings, charts, whether or not they contain words
> - **Electronic information**, such as:
>   - E-mails, text messages, tweets, and social media posts and pictures
>   - Voice messages, video and sound recordings
>   - Word processing documents, electronic calendar entries
> - **Electronic memory on devices or the devices themselves**, such as:
>   - Memory on computers, laptops, tablets, cell phones
>   - Computers, laptops, tablets, cell phones
>   - Do not delete, replace, alter, "wipe," or "clear" your computer hard drive, electronic tablet, or cell phone, and do not change or remove Internet posts, without retaining an electronic copy. If you dispose of any old computers, phones or devices, make sure you make and keep an electronic copy of all potentially relevant information on the device.
> - These are some examples and not a complete list.
> - If you have questions about what you should or should not do, please contact your investigator.

*Why must you keep this information?* It might be evidence related to your charge. We are required by the courts to ensure that all potentially relevant information is retained. **Please note that failure to keep these records may cause you to lose your case, or to lose the right to recover money lost due to the discrimination.**

*What happens to your information?* Your investigator will discuss with you what information is needed by the EEOC to investigate your charge. Information that you provide that happens to be private or personal in nature will not be disclosed by the EEOC during its investigation, and if the EEOC files suit on your charge, we will do our best to keep such information out of the court proceedings.

*Please see page 2 for additional important information.*

Page 1

PL 114

## ➤ LOOK FOR WORK IF YOU ARE OUT OF WORK

If you lost your job or were not hired due to discrimination, you may be entitled to the pay or wages you lost. However, you cannot receive lost wages unless you can show that you looked for another job to replace the one you lost or were denied due to discrimination. In order to prove you searched for work, you must keep copies of all letters, emails, or other evidence of your job search. If you succeed in finding a new job but it pays less than the job you lost, you may be entitled to the difference in pay. Therefore, it is necessary to keep all evidence of your job search even if you find another job.

In addition to looking for work, you should keep good records of your job search so you can prove that you have tried to find a comparable job. If you are out of work because of discrimination, be sure to save *all* documents and communications, including e-mails, relating to your job search.

> ## ➤ WHAT ARE RECORDS OF YOUR JOB SEARCH?
>
> The following types of information can prove that you have tried to find work:
> - copies of job applications and resumes
> - a list of all the companies you contact about jobs by phone, letter or in-person
> - copies of e-mails or letters that you send to or receive from companies where you have asked about work or submitted an application
> - a list all of the places where you apply and for each one,
>    a. the date of the application;
>    b. the position you were seeking;
>    c. the response you received from your application, such as rejection letters or invitations to interview;
>    d. whether you were interviewed and the date of the interview;
>    e. the results of the interview;
>    f. whether you turned down a job offer, and if you did, why
> - notes about what you did to look for work (for example, searching the newspaper or Internet or contacting employment agencies) and the dates that you conduct the search
> - copies of your pay stubs or earnings records if you find another job.
>
> If you have questions about what you are required to do, please contact your investigator.

| ➤ **KEEP US INFORMED** | ➤ **CALL IF YOU HAVE QUESTIONS** |
|---|---|
| Once you file a charge with the EEOC, you must tell us if you move or get a new address, telephone number, or e-mail address. We may need to talk to you to get more information. If the EEOC cannot reach you to get necessary information, your charge may be dismissed. | Your investigator will discuss with you the documents and other evidence we need to investigate your charge. If you have any questions, or for inquiries about the status of your case, please contact your investigator directly or call 1-800-669-4000. |

Page 2

PL 115

## EEOC Online Charge Status System Tip Sheet

Find out about the status of your charge of discrimination any time, day or night, using the EEOC Online Charge Status System. The system is available for charges that were filed on or after September 2, 2015.

- Access the Online Charge Status System via this link https://publicportal.eeoc.gov/portal/ or select the "My Charge Status" button on www.eeoc.gov.

- Enter your assigned charge number (found in the upper right hand corner on your discrimination charge form) and your zip code (as it appears on your discrimination charge form) to sign in. (If you have provided a new address and zip code to EEOC, use the new zip code.) You will be asked to enter a security code displayed in a box on the sign-in screen that is provided to assure additional security for the system.

- After you have signed into the Online Charge Status System, you will see the screen display pictured below. The numbers on the screen shot refer to the features explained beneath it.*



1. A quick view of the stage in the process at which your charge is currently.
2. The name and contact information of the EEOC staff member assigned to your charge or a note that your charge is pending assignment.
3. The EEOC office (and its address) that is handling your charge.
4. The specific actions the EEOC has taken on your charge, numbered sequentially, and the date of each action. (hold cursor over each action to read further details about the task).
5. The general steps in the process, with additional explanations that display when you hold your cursor over a colored box.
6. The range of next steps possible in the investigative process, which pops up when the cursor is held over this box.
7. The flow of the overall investigative process, which comes up when you click on this box.
8. Ends your session on the Online Charge Status System.

*Not every stage of the enforcement process will display for every charge, as each charge follows the process most appropriate to the facts in the charge and the stages of the investigation.

PL 116

Keep in mind that the EEOC process takes time, so there will be gaps between entries about your charge in the Online Charge Status System. Even when you do not see any change in the status of your charge, EEOC staff are hard at work.

PL 117

## Get The Facts Series

# MEDIATION



### FACTS ABOUT MEDIATION

Mediation is a form of Alternative Dispute Resolution (ADR) that is offered by the U.S. Equal Employment Opportunity Commission (EEOC) as an alternative to the traditional investigative or litigation process. Mediation is an informal process in which a neutral third party helps the opposing parties reach a voluntary, negotiated resolution of a charge of discrimination. The decision to mediate is completely voluntary for the charging party and the employer. Mediation gives the parties the opportunity to discuss the issues raised in the charge, clear up misunderstandings, determine the underlying interests or concerns, find areas of agreement and, ultimately, incorporate those areas of agreement into solutions. A mediator does not resolve the charge or impose a decision on the parties. Instead, the mediator helps the parties to agree on a mutually acceptable resolution. The mediation process is strictly confidential. Information disclosed during mediation will not be revealed to anyone, including other EEOC employees.

### HOW DOES MEDIATION WORK?

An EEOC representative will contact the charging party and employer concerning their participation in the program. If both parties agree, a mediation session conducted by a trained and experienced mediator is scheduled. While it is not necessary to have an attorney or other representation in order to participate in EEOC's mediation program, either party may choose to do so. It is important that persons attending the mediation session have the authority to resolve the dispute. If mediation is unsuccessful, the charge is investigated like any other charge. Information disclosed during mediation will not be revealed to anyone... including other EEOC employees.

### ADVANTAGES OF MEDIATION

- Mediation is an efficient process that saves time and money. Successful mediation avoids a time consuming investigation and achieves a prompt resolution of the charge. The majority of mediations are completed in one session, which usually lasts from one to five hours.

- Mediation is fair. Mediators are neutral third parties who have no interest in the outcome. Their role is to help the parties resolve the charge.

- Mediation is a confidential process. The sessions are not tape-recorded or transcribed. Notes taken during the mediation are discarded.

- Settlement agreements secured during mediation do not constitute an admission by the employer of any violation of the laws enforced by EEOC.

- Mediation avoids lengthy and unnecessary litigation.

For additional information about the mediation program at EEOC, you may contact EEOC's web page at http://www.eeoc.gov or the EEOC field office nearest you by calling our toll free numbers 1-800-669-4000(Voice) or 1-800-669-6820 (TTY).

PL 118