# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| KATHLEEN WILER, <br><br>     Plaintiff, <br><br> v. <br><br> KENT STATE UNIVERSITY, <br><br>     Defendant. | No. 5:20-CV-490 <br><br> Judge J. Philip Calabrese |

### PLAINTIFF'S FIRST RESPONSE TO DEFENDANT'S FIRST SET OF INTERROGATORIES

### INTERROGATORIES

**INTERROGATORY NO. 1:** Identify each person whom you intend to call as a fact witness at trial and state the subject matter on which the witness is expected to testify.

**RESPONSE: Fact witnesses are not yet determined. Plaintiff will supplement pursuant to the Rules of Civil Procedure and the court's trial scheduling order.**

**INTERROGATORY NO. 2:** Identify each person whom you expect to call as an expert witness at trial and state the subject matter on which the expert is expected to testify.

**RESPONSE: Expert witnesses are not yet determined. Plaintiff will supplement pursuant to the Rules of Civil Procedure and the court's trial scheduling order.**

**INTERROGATORY NO. 3:** Identify all personal and professional email accounts used by you from January 1, 2016 to the present, and for each such account list your email address.

**RESPONSE: Plaintiff's personal and professional emails are kswiler@gmail.com, kwiler@kent.edu. Plaintiff has no other email addresses.**

**INTERROGATORY NO. 4:** Identify all social media accounts used by you from January 1, 2016 to the present.

**RESPONSE: Plaintiff's social media are as follows:**
   **Facebook: Kathleen Schanne Wiler**
   **Instagram: kwiler**

**INTERROGATORY NO. 5:** Identify all healthcare professionals, including but not limited to physicians, psychiatrists, psychologists, therapists, social workers, physician assistants, nurses, occupational therapists, and other healthcare professionals with whom you consulted or from whom you received or sought counseling and/or treatment relating to any injuries you allegedly sustained as a result of the acts and/or omissions alleged in your Amended Complaint.

**RESPONSE:**

**Plaintiff did not seek consultation, counseling, or treatment from any healthcare professionals as their care relates to her Amended Complaint.**

**INTERROGATORY NO. 6:** Identify all persons with whom you had any communication about the allegations in your Amended Complaint.

**RESPONSE: Please see Plaintiff's Initial Disclosures.**

**INTERROGATORY NO. 7:** Identify each employer (including self-employment) for whom you worked between March 1, 2019 and the present, including the dates of employment and reason(s) for any termination of employment.

**RESPONSE:**

**Western Reserve Academy**
**Head Coach**
**August 2020–November 2020**
**Plaintiff was not terminated from this position. This position was a contracted position for the season/dates listed.**

**Kent Parks and Recreation**
**Coach**
**2019**
**Plaintiff was not terminated from this position. This position was a contracted position for a 6 week field hockey clinic for kids.**

**FHL**
**Coach**
**December 2020–February 2021**

**Plaintiff was not terminated from this position. This position was contracted position for the season and dates listed.**

**INTERROGATORY NO. 8:** For each employer identified in Interrogatory No. 7 above, state the job duties, wages, and responsibilities that you had at each employer.

**RESPONSE:**

**Western Reserve Academy**
**Plaintiff was responsible for running practices, creating warm-ups, and working with participants on field hockey skills. Plaintiff organized and planned each daily practice. Due to COVID-19, Plaintiff was not able to coach any games for the duration of this contract. For this contract, Plaintiff earned an estimated $6,500.00**

**Kent Parks and Recreation**
**Plaintiff was responsible for organizing and running a six-week clinic for kids for 2 hours each day where participants did a warm-up and worked on field hockey skills. For this contract, Plaintiff earned an estimated $1,695.00 between her 2019 and 2020 contracts. Plaintiff paid the coaches that helped her out of this amount.**

**FHL**
**Plaintiff helped during practices and game play. For this contract, Plaintiff earned an estimated $868.00.**

**INTERROGATORY NO. 9:** Identify all employers from whom you have sought employment since last employed by Kent State, including the manner of seeking employment (such as response to ad, online application, personal inquiries, etc.) and whether you received an offer.

**RESPONSE:**

**Plaintiff applied via email and online portal for the Athletic Director position at Hathaway Brown School in Shaker Heights, OH. Plaintiff had a phone interview and was notified she was not a finalist via email. Please see PL 3016–3021.**

**Plaintiff was contacted by Western Reserve Academy regarding their head coach position. Once Plaintiff accepted, she was instructed to file out their online application form. Please see PL 3015–3016.**

**INTERROGATORY NO. 10:** For each Employer identified in Interrogatory No. 9 above, state whether you received an offer, and if so, the position, job responsibilities, compensation offered, whether you accepted the offer, and if declined, the reasons you declined the offer.

**RESPONSE:**

3

**Plaintiff did not receive an offer for the position at Hathaway Brown School.**

**Plaintiff was offered and accepted the head coach position with Western Reserve Academy. Please see responses to interrogatories 8 and 9 for job responsibilities, compensation, and employment offer.**

**INTERROGATORY NO. 11:** Identify the amount and source of all money, compensation, or payment of any kind you received from any source from January 1, 2015 through and including the present.

**RESPONSE:**

**Kent State**
**2015: 65,325.85**
**2016: 73,910.78**
**2017: 82,786.34**
**2018: 74,268.93**
**2019: 12,174.96**

**Western Reserve Academy**
**2020: $6,500**

**FHL**
**$868.00**

**Please see PL 2995–3014 for further compensation information.**

**INTERROGATORY NO. 12:** Identify all degrees you have ever earned from or been awarded by any post-secondary educational institution. For each degree identified, please stated the date on which it was earned or awarded.

**RESPONSE:**

**Providence College**
**Bachelor's in Social Science, Minor in Theology**
**1997**

**Kent State**
**Master's of Education, School Counseling**
**2001**

4

**INTERROGATORY NO. 13:** Identify all licenses and/or professional certifications you have earned or been awarded. For each license or certification identified, please state the date on which the license or certification was earned or awarded.

**RESPONSE:**

**U.S. Field Hockey Level 2 Coaching Certification—Early 2000s**

**INTERROGATORY NO. 14:** Identify each male head coach with whom you seek to compare yourself for purposes of your wage discrimination claims under Title VII of the Civil Rights Act of 1964 and/or the Equal Pay Act.

**RESPONSE: At this time, Plaintiff has identified coaches Don Gromala (women's volleyball), Greg Robertson (women's golf-former), Jim Andrassy (men's wrestling), Brice Biggin (women's gymnastics), Eric Oakley (softball) and Rob Marinaro (women's soccer) as potential comparators. Plaintiff may add and/or modify comparators as discovery progresses and, if so, will supplement this Response.**

**INTERROGATORY NO. 15:** For each person identified in response to Interrogatory No. 13 [*sic*], *supra*, state the basis for your contention that the person performed equal work on a job requiring equal skill, effort, and responsibility under similar working conditions.

**RESPONSE:**

**All individuals identified in Response to Interrogatory No. 14 ("comparators") had the same obligation to perform the following job duties with the utmost integrity, professionalism, and care for student-athletes and the reputation of Kent State University. All individuals identified worked under similar working conditions as all are/were head coaches of KSU's NCAA Division I athletic programs. Plaintiff will supplement this Response if additional bases are identified.**

**Skill:**

- **Plaintiff has similar or greater education and credentialing than the comparators.**
- **Plaintiff has similar or greater years of experience in coaching than the comparators.**
- **The success of her teams demonstrates that Plaintiff has similar or greater ability than the comparators.**

**Effort:**

- **Plaintiff and the comparators all spent approximately the same number of hours per year coaching and training.**

5

- **Plaintiff spent a similar amount of or more time counseling her student athletes compared to the comparators.**
- **Plaintiff's team roster sizes were similar to or greater than those of the comparators.**
- **Plaintiff and the comparators all had similar recruiting responsibilities, which include:**
    - **Traveling domestically and internationally;**
    - **Determining roster spots and financial aid offers;**
    - **Finding, evaluating, and recruiting a diverse group of student athletes;**
    - **Developing relationships with student athletes' parents;**
    - **Developing and cultivating relationships with coaches of feeder programs (e.g., club teams and high schools);**
    - **Scheduling and organizing campus and overnight visits for prospective student athletes;**
    - **Regular travel to high school games during competitive season;**
    - **Home visits with recruits to promote KSU; and**
    - **Regular contact (phone calls and written correspondence) with prospects.**
- **Plaintiff expended more effort on recruiting efforts than the comparators because field hockey, unlike all of the other sports, is permitted by the NCAA to recruit year-round with almost no dead and no quiet periods. This means that in order to recruit at the top level, field hockey coaches must continually recruit throughout the year.**
- **Plaintiff's budgetary duties were similar to or greater than the comparators because her teams' overall expenses were similar to or greater than the teams coached by the counterparts.**

**Responsibility:**

- **Plaintiff and the comparators each supervised approximately 2 assistant coaches each year.**
- **Plaintiff coached a similar or greater number of student athletes as the comparators.**
- **Neither Plaintiff's teams nor the teams coached by the comparators produced net revenue.**

Dated: April 21, 2021         Respectfully submitted,

/s/ *Danya Keller*
Thomas A. Newkirk, Esq.
Danya M. Keller, Esq.
Newkirk Zwagerman
521 E. Locust Street, Ste. 300
Des Moines, IA 50309
tnewkirk@newkirklaw.com
dkeller@newkirklaw.com

Caryn M. Groedel, Esq.
Law Office of Caryn M. Groedel
31340 Solon Road, Ste. 27
Solon, OH 44139
cgroedel@groedel-law.com

*Counsel for Plaintiff Kathleen Wiler*

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(a)(1)(C), the undersigned hereby certifies that on the 21st day of April 21, 2021 the foregoing *Interrogatories* were served by electronic mail pursuant to Fed. R. Civ. P. 5(b)(2)(E) upon the following parties and counsel of record:

DAVID A. YOST (0056290)
Attorney General of Ohio
Daniel J. Rudary (0090482)
BRENNAN, MANNA & DIAMOND, LLC
75 E. Market StreetAkron, OH 44308
Phone: (330) 253-5060
Fax:(330) 253-1977
E-mail: djrudary@bmdllc.com
Special Counsel for Defendant Kent State University


s/ *Autumn Ellis*

*Legal Assistant*

## **VERIFICATION**

I certify under penalty of perjury and pursuant to the laws of the State of Ohio that to the best of my knowledge, my Answers to Interrogatories are true and correct.

4-21-2021
_____
Date

*Kathleen Wiler*
_____
Kathleen Wiler