UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KATHLEEN WILER, | ) | Case No. 5:20-cv-00490 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | |
| | ) | |
| KENT STATE UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**OPINION AND ORDER**

Defendant Kent State University seeks partial reconsideration of the Court's Opinion and Order granting in part and denying in part Defendant's motion for summary judgment (ECF No. 59). Specifically, Defendant maintains that the Sixth Circuit's decision in *Rowan v. Lockheed Martin Energy Systems, Inc.*, 360 F.3d 544 (6th Cir. 2004), precludes second-guessing its business judgment using sex-neutral criteria in the pretext analysis under Title VII. For the reasons that follow, the Court **DENIES** Defendant's motion (ECF No. 61).

**ANALYSIS**

Although the rules do not formally provide for reconsideration, the reasons for altering or amending a judgment under Rule 59 or obtaining relief from a judgment under Rule 60 generally delineate the circumstances under which a court will grant reconsideration. This is so even though, strictly speaking, "any order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of

fewer than all the parties does not end the action . . . and may be revisited at any time before the entry of judgment[.]" Fed. R. Civ. P. 54(b).

Justifying reconsideration requires a moving party to: (1) demonstrate an intervening change in the controlling law; (2) establish that new evidence is available; or (3) prove that a clear error occurred or reconsideration is necessary to prevent manifest injustice. *See Louisville/Jefferson Cnty. Metro. Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009). A district court retains the discretion to entertain such a motion. *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 n.7 (6th Cir. 2004). Further, a district court does not abuse its discretion in denying a motion for reconsideration when it is premised on evidence or arguments available to the party at the time of the original judgment. *Emmons v. McLaughlin*, 874 F.2d 351, 358 (6th Cir. 1989). After all, such motions are aimed at *reconsideration*, not initial consideration. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (citing *FDIC v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir.1992)).

## I. The Record on Summary Judgment

Defendant now asserts that *Rowan* presents such an important and compelling business-judgment defense to summary judgment that the Court's alleged failure to give that opinion its due in its analysis denying summary judgment constitutes an error so plain that it warrants the extraordinary remedy of reconsideration (in a motion filed the day after Thanksgiving, no less). A brief review of its motion papers, however, tells a different story.

2

Defendant's twenty-five-page brief cited *Rowan* only once. It did so on page eighteen, for the proposition that Coach Wiler may not "substitute [her] own business judgment for that of the defendant" to show pretext. (ECF No. 53-1, PageID #1871.) Nowhere else in its opening brief did Defendant cite or discuss the case, its progeny, or its application on the record in this case. Indeed, the two cases Defendant cited in its summary judgment brief after *Rowan* fail altogether to cite that case. *See Chen v. Dow Chem. Co.*, 580 F.3d 394 (6th Cir. 2009); *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133 (2000). Further, in reply, Defendant did not cite *Rowan* or discuss the business-judgment principle on which it bases its motion for reconsideration. Considered together, Defendant's initial citation of *Rowan* pales in comparison to the eight or eleven pages of analysis (depending on how one counts) now presented.

Reconsideration is not appropriate to raise or develop an argument that was previously available. In the Court's view, the record shows that Defendant attempts to do just that. Simply citing a case once, with little to no discussion or analysis, does not suffice to raise or develop an issue sufficiently for later reconsideration where, as here, the party simply disagrees with the outcome. This record alone justifies the denial of Defendant's motion.

## II. Defendant's Motion

On the merits, as well, Defendant's motion for reconsideration fails. Defendant argues that the Court's treatment of pretext in its Title VII analysis amounts to a clear error of law that warrants reconsideration. (ECF No. 61, PageID #2450.) Specifically, Defendant argues that the Court clearly erred, under *Rowan*, "to the extent it found a genuine issue of material fact on pretext based on Wiler's

3

disagreement with the University's business judgment about how seniority should be calculated" and the value of her record of success. (*Id.*, PageID #2450 & #2455.)

This argument fails for two reasons. First, the Court did not determine that genuine issues of material fact prevent summary judgment "to the extent" Coach Wiler disagrees with Kent State's business judgment. In its Opinion and Order, the Court analyzed—and criticized—Plaintiff's arguments on pretext before ultimately determining that the record is not so one-sided as to permit judgment as a matter of law in Defendant's favor. (ECF No. 59, PageID #2440–43.)

Second, *Rowan* requires plaintiffs to address "the actual reasons offered by the defendant." *Rowan*, 360 F.3d at 550. The plaintiffs in *Rowan*'s progeny failed to do so, focusing instead on qualifications the defendants admittedly did not consider. For example, in *Love v. AutoZone Stores, Inc.*, No. 1:12-CV-2260, 2013 WL 5797677, at *8 (N.D. Ohio Oct. 28, 2013), relied on an allegedly overlooked customer service background. And in *Woods v. FacilitySource LLC*, No. 2:13-CV-621, 2015 WL 247980, at *8 (S.D. Ohio Jan. 20, 2015), the plaintiff focused on seniority, even though the defendant conceded that it afforded relevant education and business experience greater weight. Unlike those plaintiffs, Coach Wiler met and addressed Defendant's alleged explanations—market rate and seniority—head-on.

To be sure, some of Plaintiff's arguments bear a passing resemblance to those challenged in *Rowan* and its progeny. For example, Plaintiff presents a different method for determining seniority and mentions her record of success while addressing pretext. (*See* ECF No. 57, PageID #2381, #2884, & #2387.) But the

4

Court's opinion, which merely restates those arguments as they were presented, did not adopt them. Indeed, as noted, the Court criticized various of Plaintiff's arguments. Instead, operating within the *Rowan* framework, the record permits a reasonable jury to find that Kent State employed facially neutral criteria as a pretext for unlawful sex discrimination. Ultimately, the jury might well agree with Kent State that it did not discriminate on the basis of sex or that it evenly applied sex-neutral criteria in setting salaries for its coaches. Or perhaps the jury will find that the actual reasons Kent State offered are a mere pretext for unlawful sex discrimination. On summary judgment, the record is not so one-sided on the issue to permit the Court to take that decision away from the jury.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's motion for partial reconsideration (ECF No. 61).

**SO ORDERED.**

Dated: November 28, 2022

J. Philip Calabrese
United States District Judge
Northern District of Ohio

5